G                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF OKLAHOMA

VISTA EXPLORATION COMPANY,    )
                              )
            Plaintiff,        )
                              )
vs.                           )    Case Number CIV-10-213-C
                              )
MEWBOURNE OIL COMPANY,        )
                              )
            Defendant.        )

## MEMORANDUM OPINION AND ORDER

Plaintiff, an Oklahoma limited liability company, filed a Petition[1] in Oklahoma state court on August 18, 2009, asserting a number of claims arising out of Defendant's attempt to force pool the oil and gas leasehold rights underlying a particular tract of land. The case was removed to the Western District of Oklahoma on March 3, 2010. Defendant subsequently filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff is not a legally viable entity and is therefore not entitled to maintain the present claims.[2]

The proper standard for reviewing a Rule 12(b)(1) motion is set forth in Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

> [M]otions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter

---

[1] Plaintiff originally filed this action in state court. Accordingly, the initiating pleading is properly referenced as a Petition. The Court will continue that designation throughout this Memorandum Opinion and Order for clarity.

[2] Defendant's motion raised a number of other arguments concerning Plaintiff's claims. There is no need for the Court to consider the other arguments, however, because Defendant's initial contention is dispositive of the motion.

jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

(Citations omitted.) In the present case, Defendant argues that Plaintiff is not a viable entity and is therefore not permitted to maintain any claims before the Court. Because this goes beyond merely challenging the sufficiency of the complaint, the Court may consider affidavits and other documents to resolve the dispute without converting the claim into a Rule 56 motion for summary judgment. Id.

The Oklahoma Limited Liability Company Act (the Act), 18 Okla. Stat. §§ 2000 et seq. governs the formation, operation, and dissolution of Oklahoma limited liability companies. Because Plaintiff's Petition was filed before the January 1, 2010, amendments to the Act became effective, the pre-2010 version of the Act applies to the present action. See In re Midpoint Dev., L.L.C., 466 F.3d 1201, 1204 (10th Cir. 2006).

According to the pre-2010 version of the Act, domestic limited liability companies are required to file an annual certificate. See 18 Okla. Stat. § 2055.2(A). If such a company fails to properly file the required certificate, it ceases to be in good standing with the Oklahoma Secretary of State. See § 2055.2(D). The Act further provides that "[a] domestic limited liability company that has ceased to be in good standing . . . may not maintain any action, suit

or proceeding in any court of this state until such domestic limited liability company . . . has been restored to and has the status of a domestic limited liability company . . . in good standing." § 2055.2(G).

In addition, when a domestic limited liability company fails to file its annual certificate within three years of the due date, its articles of organization will be deemed cancelled by the Secretary of State. § 2012.1(B). The effect of such cancellation is apparent from the plain language of the Act. "A limited liability company . . . is a separate legal entity, the existence of which as a separate legal entity continues until cancellation of the limited liability company's articles of organization." § 2004(B). Accordingly, such a cancellation terminates the legal existence of a limited liability company.

Defendant has attached a copy of a certified record kept by the Oklahoma Secretary of State indicating that Plaintiff's articles of organization were cancelled on July 1, 2009.[3] (See Mot., Ex. 1.) The effect of this cancellation is that Plaintiff is no longer a legally viable entity. Plaintiff submitted a copy of a certified record indicating that it was reinstated as a domestic limited liability company on March 9, 2010. (See Resp., Ex. 1.) However, Plaintiff filed the present Petition on August 18, 2009. At the time this action was commenced, therefore, Plaintiff was not a legal entity permitted to bring suit in any Oklahoma court.

---

[3] Both parties have requested that the Court take judicial notice of certified public records kept by the Oklahoma Secretary of State. Fed. R. Evid. 201(b) provides that judicial notice is appropriate where the facts is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A certified public record kept by the Secretary of State is clearly such a source, and the Court is therefore required to take judicial notice in this situation. See Fed. R. Evid. 201(d) (stating that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information.").

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 17) is GRANTED. Plaintiff's Petition is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 17th day of May, 2010.

ROBIN J. CAUTHRON
United States District Judge